1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    EDWARD ONTIVEROS,                    No. CIV S-06-0233-LKK-CMK-P

12              Plaintiff,

13         vs.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14    R. CAMPBELL, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 19), filed

19    on September 8, 2006.  Plaintiff filed an opposition on September 19, 2006.

20

21                              **I.  BACKGROUND**

22              Plaintiff names the following as defendants: Campbell; Childress; Pimentel;

23    Rendon; and Williams.  Plaintiff claims that prison officials issued a rules violation report

24    against plaintiff based on false information and that, despite having been found "not guilty" of

25    the rules violation, the false report remains in his file.  Plaintiff states that this has resulted in his

26    being ineligible for certain job assignments and reduced pay.  Plaintiff also states that the

existence of the false rules violation report in his file jeopardizes his chances for parole.  Plaintiff

seeks removal of the documents from his file as well as compensatory damages.

## II.  APPLICABLE LEGAL STANDARD

A motion to dismiss for failure to state a claim should not be granted unless it

appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims

that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners

Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this

standard, the court must accept all allegations of material fact as true and must construe them in

the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425

U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v.

McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than

those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be

granted, the court generally may not consider materials outside the complaint and pleadings.  See

Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th

Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or

attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

(2) documents whose authenticity is not in question, and upon which the complaint necessarily

lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,

688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson

v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

/ / /

1    Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is

2  absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66

3  F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th

4  Cir. 2000) (en banc).

5

6                                **III.  DISCUSSION**

7    In their motion to dismiss, defendants argue that plaintiff has failed to state a

8  claim because: (1) the mere issuance of the false rules violation report does not give rise to a

9  cognizable due process claim; (2) plaintiff has no constitutional right to a prison job or pay; (3)

10 plaintiff's sole remedy for a due process claim based on denial of parole is a petition for a writ of

11 habeas corpus; and (4) plaintiff has failed to allege a causal link between defendant Campbell

12 and any constitutional violation.

13    As to defendants' first argument – that the mere issuance of the false rules

14 violation reports does not give rise to a cognizable claim – defendants are correct.  Accepting

15 plaintiff's assertion that the rules violation report was intentionally issued with knowingly false

16 information, the court must characterize the issuance of such a report as unauthorized and

17 intentional.  Because plaintiff was provided a hearing, after which he was subsequently found

18 "not guilty" of the alleged rules violation, it is clear that an adequate post-deprivation remedy

19 exists.  Therefore, assuming that plaintiff has a valid liberty interest at stake, plaintiff's due

20 process claim is not cognizable given the existence of an adequate post-deprivation remedy.  See

21 Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984);

22 Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  Because the defect in this

23 claim cannot be cured through amendment, it should be dismissed with prejudice.

24    As to defendants' second argument – that plaintiff has no constitutional right to a

25 prison job or pay – defendants are again correct.  There is no constitutional right to vocational

26 and rehabilitative programs, see Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982), or to

                                        3

1    employment while in prison, see Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

2    Because this defect cannot be cured, the claim should be dismissed with prejudice.

3             As to defendants' third argument – that habeas corpus is plaintiff's sole remedy

4    for his claim based on denial of parole – the court disagrees.  The essence of defendants'

5    argument is that, because success on plaintiff's claim would necessarily imply the invalidity of

6    his continued confinement, he must first seek habeas relief.  However, a careful reading of

7    plaintiff's claim reveals that he is not challenging the past denial of parole.  Moreover, he seeks

8    prospective relief in the form of an order to remove the false rules violation report so that it

9    won't jeopardize his chances at parole in the future.  Plaintiff's reference to the past denial of

10   parole appears to be offered by way of example.  Specifically, plaintiff states that, due to the

11   existence of the false rules violation report, he was denied parole in the past.  Plaintiff does not

12   seek to have that particular parole decision overturned or even revisited.  He merely seeks to

13   ensure that future parole hearings are fair.  Because plaintiff does not seek immediate or speedier

14   release, the court concludes that he has stated a cognizable due process claim.  See

15   e.g. Wilkinson v. Dotson, 544 U.S. 74 (2005).  Defendants' motion to dismiss should be denied

16   as to this claim.

17            As to defendants' fourth argument – that plaintiff has failed to allege a causal link

18   between defendant Campbell and any constitutional violation – the court agrees with this

19   argument.  Supervisory personnel, such as defendant Campbell, who is the prison warden, are

20   generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d

21   1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).

22   A supervisor is only liable for the constitutional violations of subordinates if the supervisor

23   participated in or directed the violations, or knew of the violations and failed to act to prevent

24   them.  See id.   When a defendant holds a supervisory position, the causal link between him and

25   the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d

26   858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and

1    conclusory allegations concerning the involvement of supervisory personnel in civil rights

2    violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3    Defendants are correct that the operative pleading makes no substantive reference to defendant

4    Campbell.  However, because it is possible that this defect can be cured, plaintiff should be

5    provided an opportunity to amend.

6

7                                           **IV.  CONCLUSION**

8                    Based on the foregoing, the undersigned recommends that:

9                    1.      Defendants' motion to dismiss be granted in part and denied in part;

10                   2.      Plaintiff's due process claim based on the mere issuance of a false rules

11   violation report be dismissed with prejudice;

12                   3.      Plaintiff's due process claim based on job loss and lost pay be dismissed

13   with prejudice;

14                   4.      Defendants' motion to dismiss be denied as to plaintiff's due process

15   claim based on denial of parole; and

16                   5.      Defendants' motion to dismiss be granted as to defendant Campbell and

17   plaintiff be permitted to file a second amended complaint or, if none is filed, defendant Campbell

18   be dismissed from this action.

19                   If these findings and recommendations are adopted, this action will proceed on

20   plaintiff's denial of parole claim only and the court will issue such orders as are necessary to

21   allow plaintiff to file a second amended complaint to allege a causal link between such claim and

22   defendant Campbell or for dismissal of defendant Campbell if plaintiff chooses to stand on the

23   first amended complaint.

24                   These findings and recommendations are submitted to the United States District

25   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

26   after being served with these findings and recommendations, any party may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


DATED:   September 28, 2006.


CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

6