IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ONTIVEROS, | No. CIV S-06-0233-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| KERNAN, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions to compel (Docs. 55 and 57) filed on June 25, 2007, and August 6, 2007.  Defendants have filed an opposition (Doc. 59).

      In his June 25, 2007, motion (Doc. 55), plaintiff references discovery requests attached to a March 25, 2007, filing.  While nothing was filed on March 25, 2007, on March 30, 2007, plaintiff filed a document entitled "Request to File Discovery and Motion for Third (3rd) Intervention to Serve Defendants S. Kernan / R. Pimentel" (Doc. 38).  That document was dated and signed by plaintiff on March 27, 2007.  Attached to the document are the following discovery requests directed to defendant Williams dated and signed on March 25, 2007:  (1) requests for admissions; (2) interrogatories; and (3) requests for production.  Plaintiff did not

1

1  submit proofs of service of any of these discovery requests.  On May 24, 2007, the court issued

2  an order addressing the March 30, 2007, filing:

> As to plaintiff's requests to file discovery documents, plaintiff is advised that such documents need not be filed with the court except as part of a motion to compel.  Therefore, plaintiff's discovery requests will not be filed and will not be considered at this time.  The court refers plaintiff to the March 8, 2007, discovery order for instructions regarding conducting discovery in this matter.

7  In the instant June 25, 2007, motion, plaintiff states that he is complying with the court's June

8  14, 2007, order.  That order (Doc. 54, docketed on June 15, 2007) addressed plaintiff's motion to

9  compel filed on June 8, 2007.  Specifically, the court advised plaintiff of the requirements under

10  Federal Rule of Civil Procedure 37(d) for a motion to compel and stated:

> . . . Plaintiff has not established "proper service" of the requests. In particular, while plaintiff attached each of the discovery requests at issue, which are dated March 25, 2007, plaintiff has not provided proofs of service on defendants.  For this reason, plaintiff's motion to compel is denied without prejudice.

14  In plaintiff's August 6, 2007, motion to compel (Doc. 57), plaintiff states that the

15  court has not responded to his "request" and has allowed "my discovery dead-line to pass without

16  any response."  He attaches to this motion copies of his prior submissions, including copies of

17  the three March 25, 2007, discovery requests discussed above and in the court's prior order.  He

18  also attaches for the first time discovery requests – also dated and signed on March 25, 2007 –

19  directed to defendants Kernan, Rendon, Childress, and Pimental.  Also for the first time, plaintiff

20  attaches a proof of service indicating service of "discovery documents upon all defendants

21  Kernan, Pimental, Rendon, Childress, Williams" on March 25, 2007.

22  Throughout his various motions, plaintiff asserts that defendants have failed to

23  respond to his discovery requests.  Plaintiff seeks an order compelling defendants to serve

24  responses.  In their opposition, defendants assert that plaintiff's motions to compel discovery are

25  untimely as having been filed past the June 15, 2007, discovery cut-off date established in the

26  court's March 8, 2007, scheduling order.  Defendants also argue that, if plaintiff's motion were

1  construed as a motion under Federal Rule of Civil Procedure 56(f) for leave to conduct additional
2  discovery to oppose summary judgment, the court should require plaintiff to show that additional
3  discovery would uncover specific facts which would preclude summary judgment.[1]

4  The court agrees with defendants. As a motion to compel, the motion is untimely.
5  The court's scheduling order permitted the parties to conduct discovery until June 15, 2007. The
6  court's May 24, 2007, order addressing plaintiff's March 30, 2007, filing referred plaintiff to the
7  court's prior order concerning the rules for conducting discovery. Plaintiff did not seek
8  modification of the scheduling order for more time to conduct discovery. Instead, plaintiff filed
9  his first motion to compel on June 8, 2007 – just one week prior to the discovery cut-off. That
10 motion was defective notwithstanding the court's earlier order directing plaintiff's attention to
11 the rules for discovery. The instant motions to compel were both filed after the discovery cut-off
12 date and are, therefore, untimely.

13 Construed as a motion under Rule 56(f) for leave to conduct discovery to oppose
14 defendants' motion for summary judgment, the court accepts defendants' suggestion that plaintiff
15 be required to demonstrate how additional discovery would uncover evidence to defeat summary
16 judgment. Therefore, the court will deny the motion to compel without prejudice to plaintiff
17 filing a motion under Rule 56(f) with respect to the discovery requests at issue. The court will
18 defer consideration of defendants' motion for summary judgment pending such a filing from
19 plaintiff. Plaintiff is cautioned, however, that if he does not seek relief under Rule 56(f) within
20 the time permitted by this order, the court will deem the discovery issue abandoned and will rule
21 on defendants' motion for summary judgment.[2]

22 / / /

23 / / /

---

[1] Defendants filed a motion for summary judgment on August 9, 2007.

[2] Plaintiff filed an opposition to defendants' motion for summary judgment on August 20, 2007.

3

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to compel (Docs. 55 and 57) are denied without prejudice to renewing the requests in a motion for leave to conduct discovery under Federal Rule of Civil Procedure 56(f), such motion to be filed within 30 days of the date of this order.

DATED:   August 24, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE