IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ONTIVEROS,   No. CIV S-06-0233-LKK-CMK-P

    Plaintiff,

  vs.   ORDER

KERNAN, et al.,

    Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's "Request for Discovery Under Rule 56(f)" (Doc. 62), filed pursuant to the court's August 27, 2007, order. Defendants have filed an opposition (Doc. 63).

      On August 27, 2007, the court issued an order denying plaintiff's motions to compel as untimely. Because defendants had filed a motion for summary judgment by that time, the court granted plaintiff leave to file a motion under Federal Rule of Civil Procedure 56(f) for leave to conduct additional discovery. The court informed plaintiff that a Rule 56(f) motion would have to demonstrate how additional discovery would uncover evidence to defeat summary judgment.

      This action proceeds on plaintiff's due process claim regarding parole. Specifically, he seeks prospective relief in the form of an order to remove allegedly false documents from his central file so that his future chances of parole are not jeopardized. In their motion for summary judgment, defendants argue, among other things, that the administrative

appeal process cured any possible due process violation. Defendants point to evidence that plaintiff's administrative appeal was granted and that the documents in question were expunged from his central file.

In order to be entitled to leave to conduct additional discovery under Rule 56(f), the moving party must show that additional discovery would uncover specific facts which would preclude summary judgment. See Maljack Products, Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 888 (9th Cir. 1996). Plaintiff has not demonstrated in his instant request for discovery how additional discovery would uncover evidence to defeat summary judgment. In his request, plaintiff complains of alleged "document tampering" at Mule Creek State Prison. Specifically, he claims that prison officials "illegally opened incoming mail from U.S. Senator Dianne Feinstein." He also states that prison officials are corrupt and have removed documents from his habeas petition challenging the denial of parole. Plaintiff concludes:

> . . . When will the court recognize corrections officials are tyrants acting on there [sic] own accord and not on the rule of law of the U.S. Constitution. Only when it seems to suit them do they follow the law. For these reasons the defendants are not entitled to summary judgment. . . .

Plaintiff's allegations of misconduct do not relate to the facts underlying his due process claim against the defendants in this case.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to conduct additional discovery is denied.

DATED: September 27, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE