


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ONTIVEROS, | No. CIV S-06-0233-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| KERNAN, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's second amended complaint, filed on October 6, 2006. Plaintiff names the following as defendants: Kernan, Childress, Pimental, Rendon, and Williams. These defendants have all been served and have appeared in the action. Pending before the court is defendants' motion for summary judgment (Doc. 58). Plaintiff has filed an opposition (Doc. 60). Plaintiff has also filed a separate motion pursuant to Federal Rule of Civil Procedure 56(f) for leave to conduct further discovery (Doc. 62).

/ / /

/ / /

/ / /

## I.  BACKGROUND

Plaintiff claims that prison officials issued a rules violation report against him based on false information and that, despite having been found "not guilty" of the rules violation, the false report remains in his file.  Plaintiff states that this has resulted in his being ineligible for certain job assignments and reduced pay.  Plaintiff seeks removal of documents from his file as well as compensatory damages.

The following facts are established by evidence included with defendants' motion for summary judgment and have not been refuted by plaintiff:

On March 27, 2003, plaintiff was charged with a rules violation – CDC 115 – based on theft of state property.  Plaintiff was found guilty and removed from his prison work assignment and assessed a loss of good-time credits.  On May 1, 2003, defendant Childress issued a Notice of Classification Hearing – CDC 128B, or "chrono" – which resulted in plaintiff's removal from his prison job based on the facts of the March 27, 2003, rules violation.  Plaintiff's inmate appeal of this action was denied.

In mid-September, 2003, plaintiff was charged with another rules violation, this time for alleged "unacceptable demeanor and over-familiarity with staff."  On September 22, another re-classification chrono was issued for plaintiff's removal from his prison job.  A hearing was held on the rules violation charge on September 27, 2003.  Plaintiff was found guilty.  He was removed from his prison job and assessed a loss of good-time credits.

Plaintiff filed an inmate appeal, which was granted.  After a hearing on January 8, 2004, the September rules violation report was dismissed due to an uncertainty regarding dates.  However, an informational chrono was placed in plaintiff's central file "to document the situation. . . ."  The chrono indicated "predatory and manipulative behavior" towards female staff and recommended that plaintiff not be allowed to work under direct supervision of a female staff member.  The dismissal of the September rules violation report resulted in restoration of plaintiff's prison job assignment and good-time credits.  In addition, the September rules

violation report was expunged from plaintiff's central file.

Plaintiff filed another inmate appeal, this time challenging that the information contained in the informational chrono leads the reader to believe he is guilty of a rules violation and that the informational chrono should also be expunged from his central file. The March 2, 2004, second level appeal response summarizes the issue as follows:

> ISSUE
>
> It is the appellant's position that the CDC 128B Informational Chrono dated January 8, 2004, authored by Senior Hearing Officer (SHO) R.L. Williams, in reference to a dismissed CDC Form 115, Rules Violation Report, is inappropriate and should be removed from his Central File. The appellant stated that the comments in the CDC 128b lead the reader to believe that he was guilty of the offense. [¶] The appellant requests on appeal that the chrono be removed from his file.

Plaintiff's appeal was denied with the following reasons given:

> A review of the documentation revealed that the appellant has failed to support his appeal issues. On January 8, 2004, SHO Williams conducted a hearing regarding allegations that the appellant had attempted to be overfamiliar with staff. During the hearing, the SHO stated that she was unable to determine the actual date that the offense occurred. Since due process could not be afforded to the appellant, the charges were dismissed. Subsequently, the SHO elected to document the incident on a CDC 128b, citing her concerns that based upon the appellant's history of problems concerning female staff, she believed the appellant should not be supervised by female staff members.
>
> There is no evidence to support the appellant's claim that this documentation was generated inappropriately. LT Williams' observations were appropriately documented on a CDC 128b with the intent of making other staff aware of potential concerns when placing the appellant in future work assignments.

On July 28, 2004, plaintiff appeared before the Board of Prison Terms for a parole suitability hearing and was denied parole for two years. The record reflects that the following recommendations were made to plaintiff when he was denied parole in 2004: (1) remain discipline free (no CDC 128A's)[1]; (2) participate in self-help and therapy programs; (3) upgrade

---

[1] A CDC 128A is a counseling chrono and documents a more serious situation than a CDC 128B informational chrono.

academically; and (4) earn positive chronos.  On August 23, 2006, plaintiff was again denied parole.  The reasons for the 2006 denial were:  (1) facts of original crime; (2) conviction for a crime while incarcerated; (3) failure to participate in self-help; (4) history of alcohol and drug abuse; (5) 14 CDC 128A counseling chronos; and (6) 25 serious rules violations.

Plaintiff is not challenging the past denials of parole.  Specifically, he seeks prospective relief in the form of an order to remove documentation of the charge of over-familiarity with staff so that it won't jeopardize his chances at parole in the future.  Plaintiff's reference to the past denials of parole appears to be offered by way of example.[2]  Plaintiff does not seek to have particular parole decisions overturned or even revisited.  Instead, he seeks to ensure that future parole hearings are fair.

## II.  APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

[2] Plaintiff states that, due to the existence of the false rules violation report, he was denied parole in the past.

party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

/ / /

/ / /

1   In resolving the summary judgment motion, the court examines the pleadings,
2 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
3 any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See
4 Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed
5 before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
6 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
7 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
8 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
9 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
10 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
11 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
12 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

### III.  DISCUSSION

A.   **Defendants' Motion for Summary Judgment**

16  Defendants raise a number of argument supporting their assertion that they are
17 entitled to summary judgment.  One argument, in particular, is dispositive of the case.
18 Specifically, as defendants contend, a procedural error cannot give rise to a due process violation
19 where such error was later corrected via an administrative process.  See e.g. Zinermon v. Burch,
20 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Burnsworth
21 v. Gunderson, 179 F.3d 771, 775 (9th Cir. 1999) (holding that expungement cured due process
22 violation).
23  In this case, any procedural error resulting from inclusion of the CDC 128B
24 informational chrono was corrected in the administrative process.  Plaintiff claims that the
25 existence of the CDC 128B chrono in his central file suggests that he is guilty of the September
26 2003 CDC 115 charge of over-familiarity with staff.  While plaintiff's appeal concerning the

1  CDC 128B chrono, in which he sought to have the document removed from his central file, was
2  denied, plaintiff's appeal of the underlying September 2003 CDC 115 rules violation report was
3  granted and the report was expunged.  Thus, it is impossible for the mere existence of the CDC
4  128B chrono to suggest that he is guilty of the September 2003 charge because that charge was
5  expunged.  Any subsequent review of plaintiff's central file by the Parole Board would reflect
6  this fact.
7       Based on the undisputed fact that the September 2003 CDC 115 rules violation
8  was expunged, plaintiff cannot establish that his due process rights were, or will be, violated by
9  the mere existence of the CDC 128B informational chrono in his central file.  Therefore,
10  defendants are entitled to judgment as a matter of law on the sole claim in the complaint.
11      **B.**    **Plaintiff's Rule 56(f) Motion**
12       Pursuant to Federal Rule of Civil Procedure 56(f), the court may order a
13  continuance to permit a party opposing summary judgment to conduct discovery of facts essential
14  to justify that party's opposition.  As defendants correctly observe, Rule 56(f) requires plaintiff to
15  show that additional discovery would uncover specific facts which would preclude summary
16  judgment.  See Maljack Prods., Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 888 (9th Cir.
17  1996).  The district court may deny a Rule 56(f) motion where the request is not relevant to the
18  issues presented on the motion for summary judgment.  See Self Directed Placement Corp. v.
19  Control Data Corp., 908 F.2d 462, 465 (9th Cir. 1990).
20       In his motion, plaintiff states that he "can prove prison officials are corrupt when
21  it comes to the mailing of documents. . . ."  He adds that he ". . . needs answers to why state
22  officials have been allowed to violate plaintiff's constitutional rights for so long and been
23  allowed to get away with deception and illegal activities for so long."  The court concludes that
24  plaintiff has not demonstrated that further discovery would uncover evidence to defeat summary
25  judgment.  Specifically, the gravamen of plaintiff's due process claim is that, due to the existence
26  of a false CDC 128B chrono in his central file, his future chances for parole are jeopardized.

However, as discussed above, defendants have established that plaintiff's due process claim is foreclosed because the alleged procedural error – inclusion of the CDC 128B chrono – was corrected in the administrative process. Plaintiff has not established how further discovery concerning alleged corruption in "the mailing of documents" would defeat this conclusion.

Plaintiff's Rule 56(f) motion should be denied.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion for summary judgment (Doc. 58) be granted;
2. Plaintiff's Rule 56(f) motion be denied;
3. All other pending motions (Docs. 65 and 66) be denied as moot; and
4. The Clerk of the Court be directed to enter judgment in favor of defendants and against plaintiff and to close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE