IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ONTIVEROS,                    No. CIV S-06-0233-LKK-CMK-P

        Plaintiff,

   vs.                                ORDER

R. CAMPBELL, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Final judgment in favor of defendants was entered on February 27, 2008, and plaintiff appealed. On March 9, 2010, the Ninth Circuit Court of Appeals issued a memorandum disposition affirming this court's final judgment. The mandate issued on May 27, 2010. Pending before the court in this closed matter is plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60 (Doc. 80).

        The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has

1 been filed <u>and</u> docketed, leave of the appellate court is required to correct clerical mistakes while
2 the appeal is pending.  <u>See</u> <u>id.</u>

3 Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. <u>See</u> Fed. R. Civ. P. 60(c)(1).

Here, plaintiff's Rule 60 motion is untimely.  Final judgment was entered on February 27, 2008, and the current motion was filed more than one year after that date. Further, it appears that plaintiff is attempting to bring a new claim arising out of his July 27, 2010 parole board hearing, which occurred two months after this court received the mandate from the Ninth Circuit affirming its summary judgment order. The court may not consider any new claims of plaintiff in this lawsuit.

Accordingly, IT IS HEREBY ORDERED that plaintiff's Rule 60 motion (Doc. 80) is denied.

DATED: March 21, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT